IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



RASHEL A. HAMPL, §
 §
         Plaintiff, §
 §
VS. § NO. 4:17-CV-975-A
 §
BELL HELICOPTER TEXTRON INC., §
 §
         Defendant. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Bell Helicopter Textron, Inc., for summary judgment. The court, having considered the motion, the response of plaintiff, Rashel A. Hampl, the reply, the record,[1] and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On December 7, 2017, plaintiff filed her complaint in this action. Doc.[2] 1. In it, plaintiff alleges:

Plaintiff is the surviving spouse of Thomas F. Hampl ("Hampl"). Doc. 1 ¶ 2. Hampl was killed on December 10, 2015, near McFarland, California, while piloting a Bell 407 helicopter manufactured by defendant, with FAA registration N408FC and

---

[1] Defendant has filed objections to plaintiff's summary judgment evidence. As is its practice, the court is giving the evidence whatever weight it may deserve.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

serial number 53450 (the "helicopter"). Id. ¶ 4. The helicopter was registered to American Airborne EMS of Fresno, California. Id. Plaintiff believes the helicopter was "operated by SKYLIFE Medical Services, a dba of Rogers Helicopters, K.W.P.H. dba American Ambulance EMS and American Airborne EMS." Id. "Radar tracks and company flight tracking software revealed that the [h]elicopter made a sudden left 180 degree descending turn, causing the [h]elicopter to collide with hilly terrain." Id.

Plaintiff sets forth three causes of action she identifies as "strict liability for defective product," "product liability-negligence," and "failure to warn of defective condition." Doc. 1 at 3, 6, 7. The only law referenced in the complaint, aside from the reference to the diversity jurisdiction statute, is Tex. Civ. Prac. & Rem. Code § 71.004(a), a part of the Texas Wrongful Death Act. Id. ¶ 2.

II.

Grounds of the Motion

Defendant says that plaintiff has no evidence to support any of her causes of action against it. Defendant addresses each of plaintiff's causes of action, sets for the elements of each, and argues that plaintiff has no evidence to support the necessary elements. Doc. 17. It cites to plaintiff's discovery responses in support of that contention.

2

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[3] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A. Strict Liability

Texas applies 402A of the Restatement (Second) of Torts. Parsons v. Ford Motor Co., 85 S.W.3d 323, 329 (Tex. App.--Austin

---

[3] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

2002, pet. denied). The elements of a strict products liability cause of action are: (1) defendant placed a product into the stream of commerce; (2) the product was in a defective or unreasonably dangerous condition; and, (3) there was a causal connection between such condition and the plaintiff's injuries or damages. Houston Lighting & Power Co. v. Reynolds, 765 S.W.2d 784, 785 (Tex. 1988). The causation standard is producing cause, meaning that the defect was a substantial factor in bringing about an injury and without which the injury would not have occurred. Ford Motor Co. v. Ledesma, 242 S.W.3d 32, 46 (Tex. 2007); Davis v. Conveyor-Matic, Inc., 139 S.W.3d 423, 429 (Tex. App.--Fort Worth 2004, no pet.).

Plaintiff's first cause of action leaves it to the imagination whether she is asserting a design or manufacturing defect. She alleges:

> [T]he Helicopter and its component parts were defective and unsafe for their intended use because the Helicopter lacked adequate and properly functioning navigation equipment, including, without limitation, a FreeFlight RA 4500 radar altimeter, GPS, annunciator panel, Garmin GDU 620, GRS 77, GRS 88, RA-4500 radar altimeter, Shadin Air Data Computer, engine, attitude director and other navigational instruments, and improperly functioning engine and fuel system.

Doc. 1 ¶ 9. In any event, defendant asserts that it is entitled to judgment because plaintiff has no evidence that (1) defendant placed the helicopter into the stream of commerce in a defective

or unreasonably dangerous condition, or (2) any defect was a producing cause of her damages. Doc. 17 at 4.

One of plaintiff's strict liability claims, identified as her third cause of action, is based on failure to warn. A defendant's failure to warn of a product's potential dangers when warnings are required is a type of marketing defect. Caterpillar, Inc. v. Shears, 911 S.W.2d 379, 382 (Tex. 1995). Liability will attach if the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous. Id. The elements of a marketing defect cause of action are: (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect in the sense that the manufacturer failed to warn of the risk; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. Jaimers v. Fiesta Mart, Inc., 21 S.W.3d 301, 305-06 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). The causation standard is producing cause.

Rolen v. Burroughs Wellcome Co., 856 S.W.2d 607, 609 (Tex. App.--Waco 1993, writ denied).

Here, defendant maintains that plaintiff cannot produce evidence to show that the helicopter possessed a marketing defect, the absence of a warning and/or instructions rendered the helicopter unreasonably dangerous, or that any alleged failure to warn and/or instruct was a producing cause of Hampl's injuries. Doc. 17 at 6.

B.  Negligence

To prove negligence in a products liability case, a plaintiff must show that the defendant failed to use ordinary care in the design or production of the product. Sipes v. Gen. Motors Corp., 946 S.W.2d 143, 159 (Tex. App.--Texarkana 1997, writ denied). The elements of negligence are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).

Here, defendant maintains that plaintiff cannot establish that it breached any duty owed to Hampl or that it proximately caused Hampl's injuries. Doc. 17 at 4.

C.  Plaintiff's Response

Instead of addressing the grounds raised by defendant, plaintiff engages in an extended discourse on the National

Transportation Safety Board preliminary report, Doc. 23 at App. 001-002, and the FAA accident/incident report, id. at App. 003-005 (collectively, "the reports"). Doc. 22 at 1-6.[4] Plaintiff says that "the NTSB is still testing certain avionics equipment," but offers no evidence to support that statement or any of her other arguments regarding why the court should disregard the reports she has provided.

Plaintiff further devotes extensive attention to an argument that defendant has failed in its summary judgment burden. Doc.22 at 6-10. The argument reflects a lack of understanding of Rule 56 of the Federal Rules of Civil Procedure, the requirements of which are explained, supra. And it reflects a lack of understanding of defendant's motion. Contrary to plaintiff's summation that defendant has merely made a conclusory statement that plaintiff has no evidence to prove her case, Doc. 22 at 10, defendant has concisely identified the elements of plaintiff's causes of action and pointed out that she has no evidence to support specific elements. Moreover, the motion is supported by plaintiff's own discovery responses, which reflect that she has

---

[4]The FAA accident/incident report reflects that there were no technical factors involved in the crash; operational factors were pilot induced error and loss of control. Doc. 23 at App. 003. A further notation reflects that the pilot had an IFR rating but was not actively using IFR in rain and foggy conditions. Id. at App. 003-004. Plaintiff speculates, without any evidence to support her belief, that the final report will "more likely than not demonstrate that the aircraft and/or its components caused this incident and the attendant loss of life." Doc. 22 at 9.

8

no evidence. Doc. 18 at App. 1-46. The burden is on plaintiff to come forward with evidence to support the elements identified by defendant, which plaintiff concedes she cannot do. Doc. 22 at 9.

Plaintiff next sets forth an argument that California law should apply.[5] Doc. 22 at 10-12. In particular, she relies on the doctrine of res ipsa loquitur. Id. at 12-16. Under California law, a plaintiff invoking the doctrine must show: (1) the event is of a kind that ordinarily does not occur in the absence of someone's negligence; (2) the event was caused by an agency or instrumentality within the exclusive control of the defendant; and, (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff. Howe v. Seven Forty Two Co., Inc., 189 Cal. App. 4th 155, 1161-62 (Cal. Ct. App. 2010). Texas applies a similar test.[6] See Mobil Chem. Co. v. Bell, 517 S.W.2d 245, 251 (Tex. 1974).

Even assuming California law regarding that doctrine applies,[7] however, plaintiff has not come forward with any

---

[5] She does not take issue with defendant's recitation of the elements of her causes of action. That is, she does not say that the elements of strict liability, negligence, and failure to warn are different under California law.

[6] Plaintiff erroneously argues that Texas only allows res ipsa loquitur to be applied in health care liability cases. Doc. 22 at 12. See Sanders v. Naes Cent., Inc., 498 S.W.3d 256, 261 (Tex. App.--Houston [1st Dist.] 2016, no pet.); Sherman v. HealthSouth Specialty Hosp., Inc., 397 S.W.3d 869, 875 (Tex. App.--Dallas 2013, pet. denied).

[7] It appears that the doctrine of res ipsa loquitur does not apply under California law to any action predicated on a theory of strict liability. That is, a defect must be affirmatively established and an
(continued...)

evidence to support her theory. She simply argues that helicopters do not normally crash in the absence of negligence and in this case the negligence must have been on the part of defendant. She argues:

> Hampl was a highly qualified, experienced commercial pilot (11,321 flight hours), with no known medical problems or conditions to impair his flying abilities. He was highly familiar with the helicopter he was flying, as he had flown it countless times before in his employment as a medivac pilot.

Id. at 12. The only evidence she cites in support of these allegations is "App. 2," which the court interprets to mean tab 2 of her appendix, the FAA accident/incident report. Of the facts recited, the report shows only that Hampl had flown 11,321 hours. Doc. 23 at App. 004.[8] Further, plaintiff has made no attempt to show that at the time of the alleged negligence that caused the accident defendant had exclusive control or management of the helicopter. Newing v. Cheatham, 15 Cal. 3d 351, 362 (Cal. 1975); Hansen v. Matich Corp., 44 Cal. Rptr. 149, 152 (Cal. Ct. App. 1965). And, she has made no attempt to show that the condition of the helicopter did not change after it left defendant's possession. See Fuller v. Sears, Roebuck & Co., 186 Cal. Rptr.

---

[7](...continued)
inference of a defect as a result of an accident is not to be drawn. Barrett v. Atlas Powder Co., 86 Cal. App. 3d 560, 565 (Cal. Ct. App. 1978).

[8]The report also reflects that Hampl had only 48 hours in the make and model and 15 hours in the last 90 days. Doc. 23 at App. 004.

26, 29 (Cal. App. Dep't Super. Ct. 1982). Plaintiff's own pleading shows that the helicopter was registered to one company and operated by another. Doc. 1 ¶ 4. Yet she argues:

> [Defendant] exclusively designed and assembled this helicopter with all of its component parts. The helicopter designed and constructed by [defendant] had not been altered or changed in any manner prior to this incident. The failure of this aircraft was not exclusively pilot error but had to have been in substantial part a failure of the design and/or its components.

Doc. 22 at 14. She cites no evidence to support these contentions.

In sum, plaintiff has wholly ignored her obligation to come forward with some evidence to support each of the elements of her causes of action. Instead, she relies solely on the speculation that the final report of the NTSB will establish that defendant is at fault for the crash. Plaintiff has not bothered to present any facts that could be established. Nor has she sought a continuance pursuant to Fed. R. Civ. P. 56(d).

V.

### Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and that such claims be, and are

hereby, dismissed.

SIGNED September 20, 2018.

_____
JOHN MCBRYDE
United States District Judge